COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


MONICA M. STARRS

v.   Record No. 1401-96-4

JAMES E. STARRS
AND
BARBARA A. STARRS                        MEMORANDUM OPINION[*]
                                   BY JUDGE WILLIAM H. HODGES
JAMES E. STARRS                          APRIL 8, 1997
AND
BARBARA A. STARRS

v.   Record No. 2354-96-4

MONICA M. STARRS


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    F. Bruce Bach, Judge

        Mark Bodner, guardian ad litem, for Monica M.
        Starrs.

        John J. Grimaldi, II (Rosenthal, Rich,
        Grimaldi & Guggenheim, on brief) for James E.
        Starrs and Barbara A. Starrs.



     James E. Starrs ("James") and Barbara A. Starrs ("Barbara")

filed a petition in the trial court seeking to adopt their

grandson, Gabriel William Starrs ("Willie"), the biological son

of James' and Barbara's daughter, Monica M. Starrs ("Monica").

The trial judge granted the petition, and Monica appeals this

decision.  In her appeal, Monica contends that the trial judge

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

erred in (1) finding that the evidence was clear and convincing that a continued or expanded relationship with Monica would be detrimental to Willie; (2) finding that the evidence was clear and convincing that Monica unreasonably withheld her consent to the adoption contrary to the best interests of Willie; (3) admitting evidence that Monica's parental rights to her first child were terminated by the court; and (4) admitting hearsay testimony that Willie gestured to James his wish not to converse with Monica by telephone.

In a separate appeal, James and Barbara contend that the trial judge erred in awarding fees to Monica's guardian ad litem more than twenty-one days after the order of adoption became final.

We affirm the trial judge's decisions to grant the adoption and to award the guardian ad litem fees.

## I.

Willie was ten years old at the time of the hearing and has lived with James and Barbara since shortly after his birth. James and Barbara have had legal custody of Willie since approximately the time that he started living with them. Monica was a patient at Western State Hospital when Willie was born. She has been diagnosed with chronic, undifferentiated schizophrenia, a long term illness characterized by hallucinations, delusions, looseness of associations, and thoughts without coherence. She has been hospitalized for

intermittent periods of time for about twenty years.

Peter Sterrett, a licensed clinical social worker and the Assistant Director of the Social Center for Psychiatric Rehabilitation, testified that he has seen no cure for Monica's condition and the prognosis for her recovery is "very poor" because she has not consistently adhered to treatment. She also does not consume her medications as prescribed, which, if taken as prescribed, would decrease her episodes of catatonic agitation and paranoia. Monica also suffers from tardive dyskinesia as a result of taking anti-psychotic medication. This condition is characterized by symptoms of tremors and loss of muscular control.

Jackie Brown, a licensed clinical social worker, testified that Monica is unable to establish relationships. Brown also said that Monica is able to take care of her own needs, but not the needs of another.

Judith D. Neary, a licensed clinical social worker, performed a home study for an adoption agency licensed by the Commonwealth of Virginia. She approved James and Barbara as the adoptive parents of Willie. She found their home to be loving and giving, and she found that Willie was "quite comfortable there."

Monica has visited Willie at the Starrs' home over the years, mostly on weekends. She has not been involved in Willie's school activities, but has attended some Boy Scout events.

James teaches law at George Washington University Law School and has taught there for over thirty-two years. According to James, Willie is gifted and talented, a voracious reader, and is "keen on math." Willie is involved in athletic activities and plays the accordion. James said that Monica would still be welcome in their home if James and Barbara adopted Willie.

James cited one incident in which Monica called the police to the Starrs' house and told the police that the Starrs abused Willie. James said that this event "traumatized" Willie. James also said that on a number of occasions when Monica has called the Starrs' home and asked to speak to Willie, Willie has gestured that he did not want to speak to Monica.

Monica testified that she refused to consent to the adoption because of her love for Willie, the effect the adoption would have on her visitation, and her desire to provide religious and educational guidance for Willie.

The trial judge ruled that Monica's consent was unreasonably withheld. He also found by clear and convincing evidence that "the continuing relationship of the mother-child" was detrimental to Willie. He stated that James and Barbara have been Willie's "de facto parents since birth" and that Willie has known no home other than that of James and Barbara. The trial judge found that Monica was not responsible for her actions and was "severely mentally ill." He stated that she exhibited "bizarre actions and appearance," and that this behavior had "to upset Willie to some

extent."  The trial judge further stated that Monica could not be "any sort of mother for Willie" and that she did not "even ha[ve] a concept of what being a mother is or what motherhood is."

## II.

Monica argues that the trial judge erred in finding by clear and convincing evidence that (1) a continued relationship with Monica would be detrimental to Willie, and (2) Monica unreasonably withheld her consent to the adoption contrary to the best interests of Willie.  "The trial [judge]'s decision, when based upon an <u>ore</u> <u>tenus</u> hearing, is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  <u>Frye v. Spotte</u>, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987).

Assuming, without deciding, that the parental consent statutes effective July, 1995 apply to this case, Code §§ 63.1-225(F) and 63.1-225.1 provide that a trial judge shall consider whether the failure to grant the petition for adoption would be detrimental to the child in determining whether the valid consent of a person, whose consent is required, is withheld contrary to the best interests of the child.  Code § 63.1-225.1 further provides:

> In determining whether the failure to grant the petition would be detrimental to the child, the court shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child, whether the birth parent(s)' efforts to assert parental rights were thwarted by other people, the birth parent(s)' ability to care

> for the child, the age of the child, the
> quality of any previous relationship between
> the birth parent(s) and the child and between
> the birth parent(s) and any other minor
> children, the duration and suitability of the
> child's present custodial environment and the
> effect of a change of physical custody on the
> child.

Addressing Monica's ability to care for Willie, two licensed clinical social workers testified that Monica suffered from chronic, undifferentiated schizophrenia, including episodes of hallucinations and delusional thoughts. Monica does not take her medication as prescribed and the prognosis for her recovery is "very poor." The evidence showed that Monica lacks the ability to establish relationships, would be unable to take care of the needs of another person, and that Willie had been "traumatized" by an episode incited by Monica.

Monica testified that she did not want physical custody of Willie because she lives in a one bedroom apartment, and she expressed concern for her financial ability to care for Willie. Her relationship with Willie consisted of weekend visits at the home of James and Barbara. Monica has not been involved in Willie's educational pursuits. Further, Monica's parental rights to her first born child were terminated by court order.

James and Barbara are financially able to provide for Willie. James has a longstanding faculty position at a major university. A licensed clinical social worker recommended James and Barbara as adoptive parents, finding that they had a loving and giving home and that Willie was comfortable there. Willie

has lived with James and Barbara since shortly after his birth and has known no other home. The evidence established that Willie has thrived in this environment, participating in sports, Boy Scouts, and music lessons, in addition to performing well academically.

The clear and cogent facts of this case support the trial judge's finding that a continuation of the relationship between Monica and Willie would be detrimental to Willie's welfare and that Monica unreasonably withheld her consent to the adoption contrary to the best interests of Willie. We are unable to say that the trial judge's decision to permit the adoption over Monica's objection was plainly wrong or without evidence to support it. Code § 8.01-680.

### III.

Monica contends that the trial judge erred in admitting evidence that her parental rights to her first born child were terminated by court order. As stated above, a factor for the trial judge to consider when determining whether parental consent is withheld contrary to the best interest of the child is "the quality of any previous relationship . . . between the birth parent(s) and any other minor children." Code § 63.1-225.1. Therefore, the evidence related to this factor and tended to establish a proposition for which it was offered--that Monica's parental rights to another child had been terminated. Thus, the evidence was relevant and material to the proceeding. See

<u>Evans-Smith v. Commonwealth</u>, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987).  Accordingly, the trial judge did not err in admitting the evidence.

IV.

Monica contends that the trial judge erred in admitting hearsay testimony that Willie gestured to James that he did not wish to speak to Monica on the telephone.

Assuming, _arguendo_, that the evidence was hearsay, "[o]ut of court statements offered to show the state of mind of the declarant are admissible in Virginia when relevant and material." _Johnson v. Commonwealth_, 2 Va. App. 598, 602, 347 S.E.2d 163, 165 (1986). Willie's gesture that he did not wish to speak to his mother on the telephone related to a matter properly at issue--the quality of the relationship between Monica and Willie. This evidence also tended to establish the proposition for which it was offered--that their relationship was somewhat estranged. Therefore, because the evidence was material and relevant, the trial judge did not err in admitting the evidence. _See_ _Evans-Smith_, 5 Va. App at 196, 361 S.E.2d at 441.

V.

James and Barbara contend that the trial judge erred in awarding the guardian _ad_ _litem_ fees more than twenty-one days after the order of adoption became final.

> Code § 8.01-428(B) provides:
> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

At the conclusion of the May 9, 1996 hearing, the trial judge agreed to the award of the guardian _ad_ _litem_ fees by separate order.  At that time, counsel for James and Barbara indicated their expectation that they would pay these fees and that the law provided for such payment.  By oversight or inadvertent omission, the court did not enter the order awarding the fees within twenty-one days of the entry of the order of final adoption.  However, pursuant to Code § 8.01-428(B), the trial judge had the authority to correct this oversight or omission.  Therefore, the trial judge did not err in entering the August 23, 1996 order awarding the guardian _ad_ _litem_ fees.

For the above-stated reasons, we affirm the judgments of the trial judge.

_Affirmed_.